UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| VALERIE MIESSE SMITH, | : | CASE NO. 09-68384-PWB |
| | : | |
| Debtor. | : | |

**MOTION TO APPROVE COMPROMISE AND SETTLEMENT**

**COMES NOW** S. Gregory Hays ("Trustee"), as Trustee for the bankruptcy estate of Valerie Miesse Smith, by and through the undersigned counsel, and hereby files this "Motion to Approve Compromise and Settlement" ("Motion"). In support of the Motion, the Trustee respectfully represents:

**JURISDICTION**

1.

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.

2.

The statutory predicate for the relief sought herein is Federal Bankruptcy Rule 9019. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**INTRODUCTION AND BACKGROUND**

3.

On April 1, 2009, Valerie Miesse Smith ("Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4.

The Trustee is the duly appointed, qualified, and acting Trustee for Debtor's Chapter 7 bankruptcy estate (the "Estate").

5.

Prior to the filing of her Chapter 7 petition, the Debtor was a party to litigation pending in Fulton Superior Court, Fulton State Court, DeKalb Superior Court, and the Probate Court of Fulton County. Other parties to the litigation in the several courts include Lenox Pines, LLC, the Estate of David Lee Smith, Deceased, and the children of David Lee Smith (collectively referred to as "Creditor Parties"). The Creditor Parties have filed proofs of claim in this bankruptcy case, and have otherwise participated in the bankruptcy case and the related Chapter 7 cases of Buffington Village, LLC (09-68376) and Old National Villages, LLC (09-68378).

6.

The Debtor and the Creditor Parties and the Trustee (collectively the "Settling Parties") participated in a settlement conference conducted by The Honorable Phillip Etheridge on November 16, 2009. At the conclusion of the settlement conference, the parties reached an agreement and reduced it to writing. Attached as Exhibit "A" is a copy of the terms of settlement.

## THE SETTLEMENT AGREEEMENT

7.

Since November 16, 2009, the Settling Parties have prepared a Settlement Agreement, which, subject to approval by this Court, is intended to resolve any and all disputes between the Debtor and the Creditor Parties. A copy of the current draft Settlement Agreement is attached hereto and incorporated herein by this reference as Exhibit "B".

8.

Among other things, the Settlement Agreement provides that insurance proceeds of approximately $1,060,000.00 now held in the registry of Fulton County Superior Court shall be paid over to the Trustee. The Trustee will thereafter disburse $500,000.00 to Lenox Pines, LLC and $168,611.00 to Debtor as exempt property. All litigation between the Debtor and the Creditor Parties will be dismissed with prejudice.

9.

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "on motion of the Trustee and after notice of a hearing, the Court may approve a compromise and settlement". Compromise and settlements assist in efficient administration of the bankruptcy estate, reduce administrative costs, and are favored in bankruptcy. The decision to approve a settlement or compromise lies within the sound discretion of the Court and is based upon the facts and circumstances of each particular case.

10.

In determining whether a proposed settlement and compromise is reasonable under Bankruptcy Rule 9019, a bankruptcy court should consider: whether (a) the proposed settlement and compromise is in the best interest of the estate; (b) the probabilities of ultimate success in litigation; (c) the complexity, expense, and likely duration of the litigation; and (d) all other factors relevant to a full and fair assessment of the proposed settlement and compromise.

11.

The proposed settlement is in the best interest of the Estate because it provides that the Estate receives the disputed insurance proceeds in excess of $1,000,000.00. The recovery is prompt and expedient and costly litigation is avoided. Any and all outstanding issues and claims between the Settling Parties are resolved. Most important, it appears that all remaining creditors of the Estate will be paid the full amount of their allowed claims.

**WHEREFORE,** Trustee prays that this Court enter its Order approving the proposed settlement, and grant such other and further relief as may be just and proper.

Dated: December 5, 2009.

Ragsdale, Beals, Seigler, Patterson & Gray, LLP


/s/
Herbert C. Broadfoot II
Georgia Bar No. 083750
*Attorneys for Chapter 7 Trustee*

229 Peachtree Street, N.E.
Suite 2400
Atlanta, GA  30303
Tel:  (404) 588-0500
Fax:  (404) 523-6714
Email:  broadfoot@rbspg.com

Nov 16, 2009

Creditors = Smith Children (David, Haygood, Brittan)
           Lenox Pines
           Smith Trust
           Smith Estate

Debtor = Valerie Smith

Claims =   In Re Smith
           In Re Buffington
           In Re Old National
           Lenox Pines v. Old Nat (Futher Stake)
              "        v. Buffington ( "  )
           David Smith v. Valerie Smith (Debts Spouse)
              "              "          ( "  )
           Lenox Pines v. Valerie Smith (Futher Spouse)
           Trust U/W D. Smith v. V. Smith (Debts Spouse)
           Estate / David Smith v.  "     ( "  )
           David Smith Jr. v. V. Smith (Debts Spouse)

① Creditors to receive total of
   $500,000 from Bankruptcies.

② Creditors waive/release all claims
   and assert no further claims.

③ Mutual General Releases b/t Creditors + Debtor
   and broadly defined affiliates, etc (Including attys & other reps)

Nov 16, 2007

(4) Consent/cooperate to
  ① Dismiss all cases w/ prejudice
  ② Dismiss all Bankruptcy motions etc.

(5) Covenant to file no further suits, motions, etc.

(6) Atty's to draft settlement agreement + orders within (5) days.

(7) Judge Ethridge has power to dictate all drafty disagreements

(8) All parties acknowledge that this document was negotiated by David & Hayden Smith with the mediator without counsel present, but that it was freely and voluntarily entered and is binding and enforceable against all creditors

_Valerie M. Smith_
Valerie Smith

_Eric Levy (as counsel)_

_David Smith Jr._  _Jim Cline by DLS_  _Dorsey Hayden Smith_

                For All Creditors

_Phillip J. Elliott_
Settlement Host

_Hayden Florence by P.T.E_
/ Peter Messari
GRAYDON FLORENCE by P. Ethridge
ATTY.

## SETTLEMENT AGREEMENT

This is a Settlement Agreement between the Parties dated this __th day of December, 2009. The Parties are involved in ongoing disputes, which disputes are captured at least in part in the Litigation and the Bankruptcies. The Parties wish to fully and finally end any and all disputes between them, and have embodied their agreement to do so in this Settlement Agreement. For and in exchange of good and valuable consideration, including the mutual promises contained in this Agreement, the receipt and sufficiency of which is acknowledged, the Parties agree as follows:

**1. Definitions**

As used in this Agreement, the following words have the following meanings:

**A. (INTENTIONALLY OMITTED).**

B. "Bankruptcies" are all of the following

1. "Buffington Bankruptcy" is *In re: Buffington Villages LLC,* 09-68376-pwb, pending in the Bankruptcy Court for the Northern District of Georgia.
2. "Old National Bankruptcy" *In re: Old National Villages LLC,* 09-68378-pwb, pending in the Bankruptcy Court for the Northern District of Georgia.
3. "Valerie Smith Bankruptcy" is is *In re: Valerie Smith,* 09-68384-pwb, pending in the Bankruptcy Court for the Northern District of Georgia.

C. "Britton" is Britton Smith McLeod, child of David Smith, Sr.

D. "Buffington" is Buffington Villages LLC

E. "Buffington Transactions" are the purchase and sale of the 100.57 acres on Teamon Road of land lots 231 and 232, of the 3rd district of originally Henry, now Spalding, county.

F. "Creditor Parties" are Britton, Cline, David Jr., David Smith Estate, Florence, Hayden, Lenox Pines, Trust, Strickland.

G. "Cline" is James Nelson Cline.

H. "David Jr." is David Smith Jr., child of David Smith Sr.

I. "David Sr." is David Smith Sr., deceased, spouse of Valerie and father of David Jr., Britton, and Hayden.

J. "David Smith Estate" is the Estate of David Smith Sr., deceased, spouse of Valerie and father of David Jr., Britton, and Hayden.

K. "Debtor Parties" are Valerie, Old National and Buffington.

L. "Florence" is Graydon W. Florence, Jr.

**M.** "Hayden" is Dorsey Hayden Smith, child of David Smith Sr.

**N.** "Insurance Policies" are Security-Connecticut (Reliastar) Policy Nos. 2239855X and 2239854D.

**O.** "Lenox Pines" is Lenox Pines LLC.

**P.** "Litigation" is/are the following cases:

| | | | | |
|---|---|---|---|---|
| Lenox Pines LLC | Old National Villages | Fulton State | 2006cv001135 | 11/6/2006 |
| Lenox Pines LLC | Buffington Villages | Fulton State | 2007ev001657Y | 1/2/2007 |
| David Smith | Valerie M. Smith | Dekalb Superior | 07CV1369 | 1/18/2007 |
| David Smith | Valerie M. Smith | Dekalb Superior | 07CV3827 | 3/30/2007 |
| Lenox Pines LLC (The "Fulton Insurance Litigation") | Valerie M. Smith<br><br>Buffington Villages LLC<br>Old National Villages (proposed)<br>Reliastar Life Insurance Co. | Fulton Superior | 2008CV153039 | 7/2/2008 |
| Trust under the will of Dorsey Smith | Valerie M. Smith | Dekalb Superior | 07A66674 | 5/4/2007 |
| Estate of David Smith | Valerie M. Smith | Dekalb Superior | 08CV8673 | 8/4/2008 |
| David Smith Jr. | Valerie M. Smith | Dekalb Superior | 08CV9757 | 9/3/2008 |
| Britton Smith McCloud Dorsey Smith | Reliastar Life Insurance Co. | | | |
| Estate of David Lee Smith, Deceased | Petition for Year's Support | Probate Court of Fulton County | Estate No. 210955 | 8/27/2008 |
| Estate of David Lee Smith, Deceased | Caveat to Petition for Letters of Administration | Probate Court of Fulton County | Estate No. 210955 | 8/18/2008 |

**Q.** "Old National" is Old National Villages LLC

**R.** "Old National Transactions" are the purchases and sales of 34.64 acres of land on Old National Highway and 76.982 acres of land on South Fulton Highway.

**S.** "Other Creditors" are any creditors who have filed proofs of claim in the Bankruptcies, other than the Creditor Parties.

T. "Order" is an order of the Bankruptcy Court seeking approval under Bankruptcy Rule 9019 of this Settlement Agreement and incorporating all of the terms set forth herein in the Order.

U. "Parties" are the Trustee, the Debtor Parties and the Creditor Parties.

V. "Probate Action" is the probate of the Will of David Smith Sr.

W. "Strickland" is Robert Strickland.

X. "Trust" is the Trust Under the Will of Dorsey Smith.

Y. "Trustee" is S. Gregory Hays.

Z. "Valerie" is Valerie Miesse Smith

Further, any reference to an entity (e.g. a corporation, limited liability company, etc.) shall be interpreted as including its predecessors, successors and assigns, and each of their present, past, and future direct and indirect subsidiaries, parents, and affiliated entities, past and present employees, **trustees,** agents, attorneys in fact, attorneys at law, representatives, directors, employees, officers, shareholders, and any other persons acting or purporting to act on behalf of that entity.

Any reference to an individual person shall be interpreted as including that individual's Past, present, and future heirs, successors, assigns, agents, attorneys in fact, attorneys at law, representatives and any other persons acting or purporting to act on behalf of that person.

## 2. Procedural Steps Required

A. The Trustee, with the consent of the Debtor Parties, and the Creditor Parties will file a Motion to Settle and Compromise on or before December 3, 2009. seeking to approve this Settlement Agreement. A provision of the Motion shall contemplate a lifting of the stay as to all Litigation as part of the of the Order and a subsequent dismissal of the Litigation.

B. No later than five days after the entry of Order described in 2.A. approving the settlement, all Litigation, except the Fulton Insurance Action, will be dismissed with prejudice.

C. No later than five days after the entry of the Order described in 2.A. approving the settlement, all parties to the Fulton Insurance Action will consent to the disbursement of funds as follows: All funds shall be distributed to the Trustee. The Trustee will then immediately (within three (3) days) disburse $168,611 to Valerie (these funds being exempt funds not already disbursed to Valerie), and $500,000 to Lenox Pines. The Consent Order shall further provide that upon disbursal of these funds, the Fulton Insurance Action will be dismissed with prejudice.

D. When the Trustee receives the funds referenced in item 2.C, he shall return the title to the Jaguar automobile to Ms. Smith.

E. The Creditor Parties will dismiss all claims in the Bankruptcies, dismiss all objections, motions, pleadings in the Bankruptcies, and other than filings called for by this Settlement Agreement, will make no further filings in the Bankruptcies.

3. **Mutual General Releases and Covenants Not to Sue**

The Creditor Parties and the Debtor Parties (collectively and individually) hereby **MUTUALLY, GENERALLY, AND UNCONDITIONALLY RELEASE**, acquit, and forever discharge each other (collectively and individually) from any and all claims, demands, actions, indebtedness, agreements, promises, causes of action, claims for attorneys' fees, costs, responsibilities, obligations, expenses, covenants, damages, suits, judgments and liabilities of any nature whatsoever, including all amounts due to or due from any party hereto, in law or in equity, that each Party or the Parties ever claimed to have, or could claim to have or have had, based upon events that are known or unknown through the date of this Agreement, against each other, including but not limited to any claims related to or arising out of all prior agreements between the Parties or otherwise arising out of any aspect of the relationship and dealings between or among them. It is understood that this is a Mutual General Release, intended to benefit all named Parties, whether or not they are assuming any obligations or receiving any payment hereunder.

Each Party and the Parties hereby agree and covenant that they will forever refrain and forbear from commencing, instituting, or prosecuting any lawsuit, action, claim, petition, motion or other judicial or regulatory proceeding based on, arising out of, or connected with any of the released claims referenced in the preceding paragraph. The Parties represent and warrant that as of the date of the execution of this Agreement, they have not assigned or transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim described in this paragraph.

It is the intention of this section to absolutely, totally and completely cut off the possibility of any future dispute between these parties as to every possible subject matter whatsoever, including the Bankruptcies, the Litigation, Buffington, Old National, the Buffington Transactions, the Old National Transactions, an entity referred to as Parkway Villages, Lenox Pines, the Trust and any other individual, entity or transaction that reflects or relates to the Debtor Parties and the Creditor Parties. Each Party represents and warrants that there are no claims, etc., that are the subject of this section which have been assigned or transferred to an individual or entity who is not subject to this Agreement, and that there are no such claims otherwise held by an individual or entity who is not subject to this Agreement.

4. **Special Bankruptcy Provisions**

This Settlement Agreement is subject to approval of the Bankruptcy Court under Bankruptcy Rule 9019 and the Trustee will file a motion seeking such approval within five (5) days of the execution of this Settlement Agreement.

5. **TAX PROVISIONS**

Trustee shall file tax returns for Old National, Buffington and Valerie consistent with the transactions described in this Settlement Agreement, showing no further income to any Debtor Party.

The Parties agree not to file an documentation with any federal, state or local taxing authority including but not limited to a form 1099 or issue an tax reporting information or similar documentation including but not limited to a form 1099 relating to any payment due to or due from or made by any Party subject to this agreement.

6. **General Provisions**

   A.   **No Admission of Liability.**

   The Parties understand, acknowledge, and agree that this Agreement represents a settlement of disputed claims and that, by entering into this Agreement, no Party admits or acknowledges any liability or wrongdoing.

   B.   **Attorneys Fees,**

   The Parties understand that they are each responsible for their own attorneys' fees, costs and expenses arising out of this dispute and this Agreement.

   C.   **Indemnification for Breach.**

   In the event any Party institutes any action or proceeding against another Party with respect to any claim or action released by this Agreement, or in the event any warranty or obligation contained in this Agreement is materially breached, then the Party substantially prevailing in any such litigation shall be entitled to an award of its attorney's fees and litigation expenses in enforcing or defending against, as the case may be, such claim, in addition to any other remedy to which it otherwise may be entitled as a result of that actual or putative breach. This paragraph includes but is not limited to an action to enforce this Agreement or any provision thereof, such that Attorney's Fees and expenses, plus 18% interest per annum, are recoverable in an action to enforce this Agreement

   D.   **No Parol Representations or Agreements**

   This Agreement constitutes the entire Agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions. The Parties acknowledge that no representation,

promise or inducement has been made with respect to the subject matter hereof other than as specifically set forth in this Agreement, and that none of them has entered into this Agreement in reliance upon any other representation, promise or inducement with respect to the subject matter hereof not set forth herein.

E.   **Representations and Warranties of Understanding**

The Parties acknowledge and represent that they have read this Agreement in full, have consulted with their attorneys, and understand and voluntarily consent and agree to each and every provision contained herein. This Agreement was drafted at the conclusion of a mediation, thus, all parties hereto have cooperated in the drafting and preparation of this Agreement, which Agreement was custom-drafted to represent the unique needs of the situation between these parties, and as such, no Court should interpret this Agreement or the terms thereof in favor of any party as drafter thereof.

F.   **Facts May Be Different**

The Parties acknowledge and agree that any and all of the facts and circumstances relevant to the releases contained herein, and to the Agreement, may be other than, or different from, the facts or beliefs now known or believed by them, and that – nevertheless – the releases, promises, and covenants made herein shall be binding, effective, and enforceable against them.

G.   **Venue, Jurisdiction and Governing Law.**

The rights and obligations of the Parties hereunder shall be governed by, construed, and enforced in accordance with the laws of the State of Georgia, without regard to conflict of law principles thereof.

H.   **Notices**

All notices, consents, requests and other communications hereunder shall be in writing and shall be sent by hand delivery, by certified or registered mail (return-receipt requested), by facsimile, by email, or by a recognized national overnight courier service as set forth below:

If to the Debtor Parties:           Valerie M. Smith

*With a copy to:*

Eric C. Lang,
The Lang Legal Group LLC
1800 Century Place, No. 570
Atlanta, Georgia, 30345

|  |  |
|---|---|
|  | elang@langlegal.com |
|  | Fax - (404) 320-0908 |
| If to the Creditor Parties: | **James N. Cline, Esquire** |
|  | **570 Colonial Park Drive** |
|  | **Suite 303** |
|  | **Roswell, Georgia 30075** |
|  |  |
|  | **David L. Smith, Jr.** |
|  | **C/O Graydon W. Florence, Esquire** |
|  | **480 Mt. Vernon Hwy. NE** |
|  | **Atlanta, GA 30328-4142** |
|  |  |
|  | **With a copy to:** |
|  | **Joseph J. Burton, Jr.** |
|  | **Burton & Armstrong, LLP** |
|  | **2 Ravinia Drive, Suite 1750** |
|  | **Atlanta, GA 30346** |
| If to the Trustee: |  |

Notices delivered pursuant to this subsection H hereof shall be deemed given: at the time delivered, if personally delivered, sent by facsimile, or via email; three (3) business days after being deposited in the mail, if mailed; and one (1) business day after timely delivery to the courier, if by overnight courier service. Notices delivered in person, by e-mail or facsimile shall also be dispatched the same day by certified or registered mail or by overnight courier service.

Any party hereto may change the address to which notice is to be sent by written notice to the other party hereto in accordance with this subsection H.

I. **Counterparts**

This Agreement may be executed in counterparts, and each counterpart shall be and constitute a part of this Agreement and all counterparts taken together shall constitute the Agreement, and be binding and effective upon all parties hereto. This Agreement may also be executed via facsimile, with facsimile signatures being replaced with original signatures sent via overnight mail as soon as reasonably possible.

J. **Amendment and Modification**

This Agreement may only be amended by a subsequent writing which must be signed by the Party to be charged.

K. **Severability**

The provisions of the Agreement are severable. If any one or more of the provisions contained herein, or the application thereof in any circumstance, is held invalid, illegal, or unenforceable in any respect and for any reason, the validity, legality, and enforceability of any such provision in every other respect and of the remaining provisions hereof shall not be affected or impaired in any way, it being intended that all of the Parties' rights and privileges arising hereunder shall be enforceable to the fullest extent permitted by law.

L.      **References**

Whenever the language of the Agreement uses the masculine form of any pronoun, it shall be deemed to include the feminine and neuter whenever appropriate, and vice versa. Likewise, whenever the language of the Agreement was the singular of any pronoun, it shall be deemed to include the plural whenever appropriate, and vice versa.

M.      **Headings**

The titles and headings of the various paragraphs of the Agreement are intended solely for convenience of reference and shall not be construed as an explanation, modification, or intended construction of any terms or provisions of the Agreement.

N.      **Cooperation**

Each of the Parties shall execute such other and further documents, and do such other and further acts, as may be reasonably required to effectuate the intent of the Parties and carry out the terms of the Agreement.

**[SIGNATURES BEGIN ON THE FOLLOWING PAGE]**

Signators, alphabetically:

Britton
Cline (individually, on behalf of Lenox Pines, on behalf of Trust, on behalf of David Smith Estate)
David Jr. (individually, on behalf of David Smith Estate)
Florence
Hayden
Strickland
Trustee (on behalf of each Debtor's Estate)
Valerie (individually, on behalf of Buffington, on behalf of Old National)