UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| VALERIE MIESSE SMITH, | : | CASE NO. 09-68384-PWB |
| | : | |
| Debtor. | : | |

### DEBTOR'S MOTION FOR ORDER AUTHORIZING COMPROMISE AND SETTLEMENT OF FIVE UNSECURED CLAIMS

COMES NOW Valerie Miesse Smith (the "Debtor") and hereby files this "Motion for Order Authorizing Compromise and Settlement of Five Unsecured Claims" (the "Settlement Motion"). In support of the Settlement Motion, the Debtor shows the Court as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this request pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

2.  The Debtor filed this Chapter 7 case (the "Bankruptcy Case") on April 1, 2009 (the "Petition Date").

3.  Sixteen separate claims were filed against the Estate by the proof of claim deadline. On December 29, 2009, after motion, notice and hearing, this Court approved a settlement of claims numbered 4, 14, 15 and 16. Debtor does not intend to object to claims numbered 2, 3, 5, 6, 8, 9 and 11.

4.  This Motion concerns Carlton Fields (Claim No. 1, for $176,590.51); Hardwick, Dunagan & Co. (Claim No. 7 for $12,484.80); Weinstock & Scavo (Claim No. 10., for $29,155.25); Jefferson Allen (Claim No. 12, for $34,915.00); Bodker Ramsey Andrews Winograd & Wildstein (Claim No. 13, for $4,745.85). These creditors are referred to as "Professional Service Creditors."

5.  Each of the Professional Service Creditors provided pre-petition services to Debtor. Each of the claims of the Professional Services Creditors concerns exclusively pre-petition services and disbursements.

## **THE SETTLEMENT**

6. Neither Debtor nor the Professional Service Creditors believe that litigating objections to the claims of the Professional Service Creditors is preferable to settling such claims.

7. Debtor and Professional Service Creditors have come to agreement that the Professional Service Creditors would accept the following finite amounts at the conclusion of this Bankruptcy, and Debtor would not object subject to all other provisions of this motion:

| | |
|---|---|
| Carlton Fields | $65,000 |
| Hardwick, Dunagan & Co. | $6,000 |
| Weinstock & Scavo | $17,500 |
| Jefferson Allen | $24,500 |
| Bodker Ramsey et al. | $0. |

8. The Settlement extinguishes all liability of Debtor, Old National Villages LLC and Buffington Villages LLC to the Professional Services Creditors, and is intended to act as a full and final adjudication of all known claims between Debtor and the Professional Service Creditors.

9. No funds are to be paid to the Professional Services Creditors until such time that only after the granting of the motion to compromise claim, the filing

-3-

of a final report by the Trustee, and the approval of the Trustee's final report by the United States Trustee, and the receipt by the Trustee of acceptance and approval of the Trustee's tax filings by all taxing authorities.

## ARGUMENT

10.     Federal Rule of Bankruptcy Procedure 9019(a) provides in pertinent part that "after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.), 898 F.2d 1544 (11 th Cir. 1990), cert. denied, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows: "When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of thee creditors and a proper deference to their reasonable views in the premises."

Id. at 1549.

11.     Through settlement on the terms outlined above, the claims of the Professional Service Creditors are satisfied in full by allowance and payment of

cash as set forth above. The discount agreed to without an evidentiary hearing is reasonable.

13. The terms of the Proposed Order are in the best interest of the Debtor and creditors of the estate. The Proposed Order results in the resolution of disputed claims in an expeditious and economical manner, without the need for litigation and the attendant costs and risks. In view of the costs and uncertainty that always accompanies litigation, and the known and certain benefit to be realized by the Estate under the terms of the Proposed Order, this settlement should be approved by this Court.

WHEREFORE, under the standards set forth above, and for the reasons previously detailed herein, this Court should enter the Proposed Order and grant such further relief as it deems just and proper.

Dated:   November 8, 2010
         Atlanta, Georgia

_____
Eric C. Lang
Georgia Bar No. 435515
*Attorney for Debtor*
The Lang Legal Group, LLC
1800 Century Place, Suite 570
Atlanta, Georgia 30345
Phone: 404-320-0990
Facsimile: 404-320-0908
elang@langlegal.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                                :        CHAPTER 7
                                      :
                                      :
VALERIE MIESSE SMITH,                 :        CASE NO. 09-68384-PWB
                                      :
                                      :
Debtor.                               :

## CERTIFICATE OF SERVICE

    The undersigned counsel of record certifies that a true and correct copy of the foregoing DEBTOR'S MOTION FOR ORDER AUTHORIZING COMPROMISE AND SETTLEMENT OF FIVE UNSECURED CLAIMS was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following counsel of record:

| | | |
|---|---|---|
| Office of the United States Trustee<br>362 Richard Russell Building<br>75 Spring Street, S.W.<br>Atlanta, GA 30303<br>ustpregion21.at.ecf@usdoj.gov | S. Gregory Hays<br>Hays Financial Consulting, LLC<br>Suite 200<br>3343 Peachtree Road, N.E.<br>Atlanta, GA 30326-1420<br>ghays@haysconsulting.net | Danny L. Coleman<br>Law Office of Danny Coleman, P.C.<br>Suite 575<br>2475 Northwinds Parkway<br>Alpharetta, GA 30009<br>attorney@dcolemanlaw.com |

and was served upon counsel of record by depositing a copy of the same in the United States Mail, postage prepaid, as follows:

-8-

| | | |
|---|---|---|
| Herbert C. Broadfoot II<br>Ragsdale, Beals, Seigler,<br>   Patterson & Gray, LLP<br>2400 International Tower –<br>   Peachtree Center<br>229 Peachtree Street, N.E.<br>Atlanta, GA 30303-1629<br><br>Mr. Jefferson Madden Allen<br>Cohen Cooper Estep & Allen<br>LLC<br>3330 Cumberland Boulevard,<br>Suite 600<br>Atlanta, GA 30339<br>jallen@ccealaw.com | Mr. Harry J. Winograd<br>Bodker Ramsey Andrews<br>Winograd Wildstein<br>One Securities Centre<br>3490 Piedmont Road, N.E.<br>Suite 1400<br>Atlanta, GA 30305-4808<br>hwinograd@brawwlaw.com<br>Mr. Wayne Shortridge<br>Carlton Fields<br>1201 West Peachtree Street,<br>Suite 3000<br>Atlanta, GA 30309<br>wshortridge@carltonfields.com | Mr. Michael Weinstock<br>Weinstock & Scavo, P.C.<br>3405 Piedmont Road, N.E.<br>Suite 300<br>Atlanta, GA 30305<br><br>Greg Hardwick<br>Hardwick Dunagan<br>6 Lenox Pointe, NE<br>Atlanta GA 30324-3167 |

This 8th day of November, 2010.

The Lang Legal Group, LLC
1800 Century Place, Suite 570
Atlanta, Georgia 30345
Phone: 404-320-0990
Facsimile: 404-320-0908
elang@langlegal.com

_____
Eric C. Lang
Georgia Bar No. 435515

Attorneys for Debtor

-9-